FILED

MAR 1 8 2020

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

Attachment A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Lazaro Quinones-Cedeno.
Plaintiff

*Your full name*

**FEDERAL CIVIL RIGHTS COMPLAINT**
(*BIVENS* ACTION)

v.
MS. M. Bluehling Teacher et, al,
M. M. Thompkis Supervisor et, al,
MS. T. Ridenour Teacher et, al,
MS. K. Blankson, Nurse et, al,
Mr. R. Reckard, Compound officer et, al,
Mr. B. Adams Warden et, al,

*Enter above the full name of defendant(s) in this action*

Civil Action No.: 1:20-CV-0002T
*(To be assigned by the Clerk of Court)*

5:20cv53
Bailey
Mazzone
Blalock

## I. JURISDICTION

This is a civil action brought pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)**. The Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 2201.

## II. PARTIES

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.*

    A.    Name of Plaintiff: Lazaro Quinones-Cedeno Inmate No.: 06288-000
              Address: F.C.I. Hazelton
              P.O. Box 5000 Bruceton Mills, WV, 26525

*In Item B below, place the full name of each defendant, his or her official position, place of employment, and address in the space provided.*

Attachment A

B.   Name of Defendant: MS. M. Bluemling
Position: Teacher
Place of Employment: FCI Hazelton
Address: 1640 Sky View Drive
Bruceton Mills, WV. 26525

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes   ☐ No

If your answer is "YES," briefly explain: I was subjected to cruel and unusual treatment because her retaliation toward me.

B.1   Name of Defendant: MS. M. Thompkis
Position: Supervisor
Place of Employment: FCI Hazelton
Address: 1640 Sky View
Bruceton Mills, WV. 26525

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes   ☐ No

If your answer is "YES," briefly explain: She is the Education Supervisor and was aware of all the facts she failed to take corrective action

B.2   Name of Defendant: MS. J. Ridenour.
Position: Teacher
Place of Employment: FCI Hazelton
Address: 1640 Sky View
Bruceton Mills, WV. 26525

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes   ☐ No

Attachment A

If your answer is "YES," briefly explain: She is the Teacher she retaliated and Harassed me using her power and authority to cover wrong doing by others.

B.3  Name of Defendant: MS. R. Bankson
Position: Nurse
Place of Employment: FCI. Hazelton
Address: 1640 Sky View
Bruceton, Mills, WV, 26525

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?  ☒ Yes  ☐ No

If your answer is "YES," briefly explain: She Treated me with Cruel and unusual treatment on 01/21/2020.

B.4  Name of Defendant: R. Reeland
Position: Compound Officer
Place of Employment: FCI Hazelton
Address: 1640 Sky View
Bruceton, Mills, WV, 26525

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?  ☒ Yes  ☐ No

If your answer is "YES," briefly explain: He retaliated on me obstructing my Due process Right by Abuse his Authority stopping me from participate in the Library Jan 15, 2020

Attachment A

B.5  Name of Defendant: Paul Adams
Position: Warden
Place of Employment: FCI Hazelton
Address: 1640 Sky View
Bruceton Mills, WV, 26525

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☒ Yes   ☐ No

If your answer is "YES," briefly explain: He is the warden He is behind all this harassment and retaliation by his staff and failed to take corrective action

III. PLACE OF PRESENT CONFINEMENT

Name of Prison/ Institution: F.C.I Hazelton

A. Is this where the events concerning your complaint took place?
☒ Yes   ☐ No

If you answered "NO," where did the events occur?
Not-Applicable.

B. Is there a prisoner grievance procedure in the institution where the events occurred?   ☐ Yes   ☒ No

C. Did you file a grievance concerning the facts relating to this complaint in the prisoner grievance procedure?
☐ Yes   ☒ No

D. If your answer is "NO," explain why not: The Court erroneously misconstrued my Declaration (Doc. 58-61) in an attempt to initiate four new civil case. The Declaration were attempted on my behalf to state the court the obstruction of Justice and abuse of power that staff in FCI Hazelton and FCI McDowell, WV, are conducting to interfere in my case 1:19-cv-00064

E. If your answer is "YES," identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed

Attachment A

and state the result at level one, level two, and level three. **ATTACH GRIEVANCES AND RESPONSES:**

LEVEL 1 _Not-Applicable_

LEVEL 2 _Not-Applicable._

LEVEL 3 _Not-Applicable_

IV. PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?   ☑ Yes   ☐ No

B. If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1. Parties to this previous lawsuit:

   Plaintiff(s): _Lazaro Quinones-Cedeno_

   Defendant(s): _Ms. Barbara Rickard, Bolpay Randon_

2. Court: _U.S. District Court of West Virginia. Bluefield Division_
   (If federal court, name the district; if state court, name the county)

3. Case Number: _1:19-cv-00064_

4. Basic Claim Made/Issues Raised: _Neglect by Harsh Abuse of Power and authority, obstruction of Justice, violation of my Fifth Amendment Due Process Right and Retaliatory Prison Transfer, Allowing unprofessional misconduct by her staff_

5. Name of Judge(s) to whom case was assigned:
   _Omar J. Aboulhosn Magistrate Judge._
   _David A. Faber. U.S. District Judge_

6. Disposition: _Pending._
   (For example, was the case dismissed? Appealed? Pending?)

7. Approximate date of filing lawsuit: _January 25, 2019_

Attachment A

    8.    Approximate date of disposition. Attach Copies: _Pending._

C.    Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?
    ☒ Yes    ☐ No

D.    If your answer is "YES," briefly describe how relief was sought and the result. If your answer is "NO," explain why administrative relief was not sought.

1) Administrative Remedy ID.918649-A-1 Level III Exhausted. Incident Rpt.3039907, Code 307 Trory October 02, 2017
2) Administrative Remedy ID.939314-R3. None. Run Around Treatment by SERO Director in Atlanta, GA. J.A. Kelley, He along with FCC Hazelton WV. and FCI Williamsburg SC. Warden M. B. Antonelli, Hit me with

E.    Did you exhaust available administrative remedies? A retaliatory prison transfer
    ☐ Yes    ☒ No    It stopped in Level II

F.    If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion. If your answer is "NO," briefly explain why administrative remedies were not exhausted.

ID. 918649-A1, was exhausted. ID. 939314-R3, no exhausted, run-around Treatment. It was stopped in level II SERO. Atlanta, GA. Retaliation trying to get this remedy exhausted, it was used by J.A. Kelley and M. B. Antonelli to hit me with a retaliatory prison transfer.

G.    If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

    1.    Parties to previous lawsuit:

_"See Attachments."_

## IV. PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDY.

Quinones-Cedeno v. Antonelli; Civil Action No. 5:20-cv-00030
    Plaintiff,    Defendant,

Neglect by Harsh Abuse of Power and Authority. Obstruction of Justice, Violation of my Fifth Amendment Due Process Rights and a retaliatory Prison Transfer. Allowing unprofessional misconduct by staff toward Plaintiff.

Court: U.S. District Court for the Northern District of West Virginia.
Name of Judge(s) to whom case was assigned:
None Yet.

Disposition: Pending.

Aproximate date of filing lawsuit. February 12, 2020

Quinones-Cedeno v. Bluemling; Civil Action No. 1:20-cv-00027
    Plaintiff,    Defendant,

Plaitiff has suffered mental and emotional distree, aggravation, annoyance and inconvenience and other damages toward him, loss of standing in the Education Department doing his legal work due to Education Specialist Ms. M. Bluemling and other staff.

Court: U.S. District Court for the Northern District of West Virginia.
Name of Judge(s) to whom case was assigned;
None Yet.

Disposition: Pending.

Aproximate date of filing lawsuit. February 12, 2020

Quinones-Cedeno v. Healey; Civil Action No. 1:20-cv-00031
    Planitff,    Defendant,

Mistreatment and Discrimination. Plaintiff was merely subjected to cruel and unusual punishment because staff, acting outside of their function in the kitchen (allowing inmates to instructing them what to do) chose to fire Plaintiff because they need to discredit Plaintiff to get foreman cook Healey and Handlin removed from the facility. Inmates along with staff needed to get Plaintiff out of the kitchen detail. Compound officer R. Reckard, in conjunction with foreman cook T. Thorne, were returning Plaintiff from the kitchen in retaliation for this attached letter Plaintiff wrote to U.S. President, in the past and Plaintiff allowed compound officer R. Reckard to read it. (Attached).
    Court: U.S. District for the Northern District of West Virginia.

Name of Judge(s) to whom case was assigned:
<u>None Yet.</u>
Disposition: <u>Pending.</u>

Approximate date of filing lawsuit. <u>February 12, 2020</u>

The Court erroneously misconstrued Plaintff's Declaration (Documents No. 58-61) in an attempt to initiate four new Civil Action pursuant to Bivens v. Six unknown Federal agents of Federal Bureau of Narcotics. The Declarations were attempt on behalf of Plaintiff to state to the Court the Obstruction of Justice and Abuse of Power that staff in F.C.I. McDowell, WV., and staff at F.C.I. Hazelton, WV., are conducting in order to interfere with Plaintiff's Legal Process.

---

Quinones-Cedeno v. Resh;   Civil Action No. 3:20-cv-00027
<u>Plaintiff.</u>   <u>Defendant.</u>

Cruel and unusual treatment and deliverancte indiference (standard) of Eigth Amendment. Medical needs of Plaintiff health by (Supervisor liability, "obduratly." "wantonly,"or "with deliverate indiference." A sufficiently serious deprivation occurred by prison official's by act or omission...result[s] in the denial of the civilized measure of life's necessities.

Court: U.S. District Court for the Northern District of West Virginia.
Name of Judge(s) to whom the case was assigned:
<u>None Yet.</u>
Disposition: <u>Pending.</u>
Approximate date of filing lawsuit. <u>February 12, 2020</u>

The Court erreously misconstrued Plaintiff's Declarations (Documents No. 58-61) in an attempt to initiate four new Civil Action pursuant to Bivens v. Six unknown Federal Agents of Federal Bureau of Narcotics. The Declarations were attempt on behalf of Plaintiff to state to the Court the Obstruction of Justice and Abuse of Power that staff at F.C.I. McDowell, WV., and staff at F.C.I. Hazelton, WV., are conducting in order to interfere with Plaintiff's Legal Process.

Attachment A

Plaintiff(s): _"See Attachments"_

Defendant(s): _"See Attachments"_

2. Name and location of court and case number: _U.S. District Court For the Northern District of West Virginia._

3. Grounds for dismissal: ☐ frivolous ☐ malicious
   ☐ failure to state a claim upon which relief may be granted

4. Approximate date of filing lawsuit: _02/12/2020_

5. Approximate date of disposition: _Pending_

## V. STATEMENT OF CLAIM

State here, as **BRIEFLY** as possible, the _facts_ of your case. Describe what _each_ defendant did to violate your constitutional rights. **You must include allegations of specific wrongful conduct as to EACH and EVERY defendant in the complaint.** Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph. **UNRELATED CLAIMS MUST BE RAISED IN SEPARATE COMPLAINTS WITH ADDITIONAL FILING FEES. NO MORE THAN FIVE (5) TYPED OR TEN (10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)**

CLAIM 1: _Ms. M. Blevins, violation of my Fourth, Fifth, Eighth Amendment of the Constitution, Retaliation, Obstruction of Justice, Unprofessional Conduct toward me_

Supporting Facts: _"See Attachment."_

IV. STATEMENT OF CLAIM. of supporting facts Ms. M. Bluemling.

On Monday, October 07, 2019, I asked Associate Warden A. Garcia, to help me to find a box with some of my property that appeared to be lost. I couldn't get property officer E. Andrew to assist me with it.

The conversation took place in front of Education Supervisor Ms. M. Thompkis. Same day harsh retaliation ensued upon me in Education by Education Teacher Ms. Bluemling. She begins to harass me for the first time in front of Education Supervisor Ms. M. Thompkis. Since then she is giving me a very hard time getting through the metal detector, for no reason. I know she has to do her job but, not to harass me in retaliation for my filing complaints. Case point due to that harassment against me from her I was obligated to file an issue on Dec. 30, 2019, which still pending in the warden office. Since then, she has been interrupting my legal work in the library.

Also, on Tuesday, October 08, 2019, day after I requested A.W. A. Garcia, to help me to find the box with missing property, I received a third box with some property and some legal documents, in the property room. There I found hidden and openned the PROPOSED FINDINGS AND RECOMMENDATIONS entered on June 26, 2019. By memorandum Opinion and Judgment Order entered on September 25, 2019, United States District Judge David A. Faber, adopted the undersigned's recommendation, dismissed plaintiff's Amended Complaint, and removed case No. 1:19-cv-00064, from the Court's active docket. This constant harassment by Ms. Bluemling and the others, under Education Supervisor Ms M. Thompkis and Warden Paul Adams' authority is an Abuse of Power obstructing Civil Case No. 1:19-cv-00064, pending in the District Court of West Virginia, Bluefield Division.

Twice on Dec. 18, 2019 and Jan 09, 2020, I was checked in the Clinic for chest pain (which could be a heart attack symptom) due to Education Teachers Ms. Bluemling and Ms. J. Ridenour, which could've placed my life at risk.

Attachment A

CLAIM 2: Ms. M. Thompkis. She allowed this harassment and retaliation by her staff in violation of the First, Fifth, eight Amendment Due Process.

Supporting Facts: She was aware the above mentioned facts in the complaint and has failed to take corrective action.

CLAIM 3: Ms. J. Ridenour. Has violated my First and Eight Amendment of the constitution by retaliating and harassing me.

Supporting Facts: The First Amendment prohibit jail person officials from retaliating against inmates who report complaints, file grievances or file a lawsuits. This way of retaliation offends the constitution and threatens to inhibit to exercise of our protect eight (see Attached)

CLAIM 4: Ms. K. Baulson. violated plaintiff First Amendment Right by engaging in a retaliatory conduct

Supporting Facts: She refused to provide plaintiff proper Medical care 01/21/2020. Stating I have not medical

Attachment A

issue. She mistreated plaintiff in an unprofessional manner stating "Quit Bull-shitting. (Read attached Mon-Hospital Medical Center Report Jan 10, 2020)

CLAIM 5: Paul Adams. He is in violation of the First, Fifth, Eight Amendment Neglecting his duties and responsibilities as a Warden

Supporting Facts: He is aware of all the facts mentioned in the statement claim and has failed to take corrective action

VI. INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured and the exact nature of your damages.

Suffering monetary loss, mental and emotional distress, aggravation, annoyance and inconvenience, loss of my ability to obtain a good Job, and subsequent loss of programming credit for a full time job. This has caused me unreasonable hardship causing a loss of money and peaceful living. A higher risk of heart damages due to distress and other damages. (Read Mon-Hospital Medical Center's report dated 01/10/20)

VII. RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

For the reason of the statement claim, this Civil Action Case No. 1:20-cv-00027 should be moving concurrent with case No. 1:19-cv-00064 pending in U.S. District Court of WV, Bluefield Division. And at the same time, I'm requesting Complex Warden M.B. Antonelli, Warden Paul Adams, education supervisor Ms. M. Thompkins, education teachers Ms. M. Bluemling and Ms. J. Ridenour to be terminated from the (FBOP) or removed from this Federal Complex in WV, for abuse of power and obstruction of Justice.

**Attachment A**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate. Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at __F.C.I. Hazelton, WV.__ on __MARCH 12, 2020__ .
 (Location)                              (Date)

_____
Your Signature